JAMES PLATT et. al. vs. CHRISTIAN I. BURCKLE.

THE COMMERCIAL BANK OF OSWEGO vs. THE SAME.

A delay of five years in the collection or return of an execution by a sheriff who has levied upon personal property, and left it in possession of defendant, held fatal, on a motion for payment over of the proceeds of the same property, sold on an execution issued within a few months. Such a case is a proper one for a jury.

*Motion by plaintiffs in the first cause for an order directing the sheriff of Oswego, to pay over to them, on their execution, the moneys in his hands, collected in the second cause.*—Judgment in the first cause was docketed January 13, 1840, on bond and warrant of attorney. On the

23d January, 1840, an execution was issued to the sheriff of Oswego county, who levied the same within a few days thereafter on defendant's personal property, and took a schedule, and informed plaintiff's attorney thereof, and also that the property was claimed by one Seitz on a mortgage. One Luce had previously levied on a portion of the same property, which was also claimed by Seitz; a writ of replevin was brought by Seitz against Luce, for the property, which is yet undetermined; which the sheriff gave as a reason why he left the property in the defendant's possession, supposing that when the replevin suit was decided, it would determine in whom the title of the property belonged. In June, 1845, one James Brown, who had become assignee of the plaintiff to the judgment in the second cause, issued an execution and levied upon a portion of the same property levied upon in the first execution, which was sold at sheriff's sale in July, 1845.

The plaintiffs in the first cause elected to make an application to this court to have the proceeds applied on their execution instead of seizing the property in the sheriff's hands and selling. It was admitted by the papers that the property had always remained in the possession and use of the defendant, and was fully denied by the plaintiffs in the first cause, and also the sheriff who levied their execution, that any instruction or direction was given to delay the collection of the execution, or any consent that the property might remain in possession of the defendant, either directly or indirectly.

W. F. ALLEN, *Counsel moving.*     DUER & BABCOCK, *Attys moving.*
M. T. REYNOLDS, *Counsel opposed.*     J. BROWN, *Atty opposed.*

BEARDSLEY, Justice.—Denied the motion on the ground that a delay of five years was too much ; it was a proper case undoubtedly for a jury.

Motion denied, with costs.